**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAMON CONTRERAS, CDCR #V-99014, <br><br> Plaintiff, <br><br> v. <br><br> RALPH DIAZ; PATRICK COVELLO; K. COTTRELL; C. ROCHA; V. CORTES; J. JUAREZ, <br><br> Defendants. | Case No.: 19-cv-02108-BAS-WVG <br><br> **ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

Before the Court is Plaintiff's First Amended Complaint ("FAC"). (ECF No. 4.) For the reasons explained below, the Court **DISMISSES** the FAC with leave to amend.

**I.     PROCEDURAL HISTORY**

On November 1, 2019, Ramon Contreras ("Plaintiff"), currently incarcerated at Ironwood State Prison ("ISP") located in Blythe, California, and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Compl.") against officials at the California Department of Corrections and Rehabilitation ("CDCR"), along with prison officials at the Richard J. Donovan ("RJD") in San Diego, California. (Compl., ECF No. 1.) Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (Mot. to Proceed IFP, ECF No. 2).

1

1 | On January 13, 2020, the Court granted Plaintiff's Motion to Proceed IFP and dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). (ECF No. 3.) Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies identified in the Court's Order. (*Id*. at 12–13.) Plaintiff was cautioned that Defendants not named and any claim not re-alleged in his amended complaint will be considered waived. (*Id.*) *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

On January 27, 2020, Plaintiff filed the FAC. (ECF No. 4.) In his FAC, Plaintiff no longer names Cruz, Seaman, and Plascencia as Defendants. (*See id.*) Accordingly, the claims against these parties are deemed waived and they are **DISMISSED** from this action. *See Lacey*, 693 F.3d at 928.

## II. SCREENING

### A. Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Allegations

On June 13, 2018, while Plaintiff was housed at RJD, "a full search of the housing unit Plaintiff was housed in was conducted." (FAC at 5.) During the search of Plaintiff's cell, Plaintiff alleges Defendant Rocha "falsely claimed" that Plaintiff had a "controlled substance" and filed a "false incident and rules violation report ('RVR')." (*Id.*) Due to this purportedly "false claim," Plaintiff "spent . . . approximately 5 months in an administrative segregation unit ('ASU')." (*Id.*)

Plaintiff was "ultimately exonerated" on January 10, 2019 and the "RVR was dismissed when he went for a rehearing on the RVR charge." (*Id.*) Plaintiff claims that "due process rights that should be provided to inmates during disciplinary proceedings were not provided to the Plaintiff." (*Id.*)

Plaintiff alleges Defendant Rocha "claimed that he was the first and only officer to search Plaintiff's cell" but this claim "was proven to be false." (*Id.* at 6.) Defendant

3

Cottrell "was the superior officer overseeing the search" and "informed Plaintiff why he was going to be placed in ASU." (*Id.*) Plaintiff told Defendant Cottrell that "he did not have a controlled substance in his property and that he had no knowledge of any controlled substance being inside the cell he occupied." (*Id.*) Plaintiff also asked why he was being sent to ASU when he was "not the only inmate occupying the cell." (*Id.*) Defendant Cottrell "responded by saying that the controlled substance was discovered in Plaintiff's property." (*Id.*)

However, Plaintiff alleges Defendant Cottrell was "not acting as an impartial officer in her decision to only charge and place Plaintiff in ASU." (*Id.*) Plaintiff claims this is a violation of CDCR policy that "mandates that when contraband is discovered in a cell occupied by two inmates and none of the inmates takes responsibility for the contraband both inmates are to be charged and placed in ASU." (*Id.*) This purported policy violation was "noted" by the "officer who ultimately exonerated" Plaintiff. (*Id.*)

Plaintiff contends that Defendant Rocha did not place Plaintiff's cellmate in ASU because he did "not want to deal" with Plaintiff's cellmate because he is "hearing impaired." (*Id.* at 7.) Plaintiff alleges that Defendant Rocha did not want to "deal with all the extra work so he lied." (*Id.*)

While Plaintiff was housed in ASU, he "maintained his innocence." (*Id.*) However, during the committee hearing held on September 6, 2018, Plaintiff "agreed to sign a 128B NIK chrono accepting the results of the field test that was conducted on the contraband in order to proceed with the truth finding process." (*Id.*) Plaintiff claims the only reason he agreed to sign this chrono was because "Defendant Covello and other committee members informed/guaranteed Plaintiff that it could not be used as evidence to find him guilty at his RVR hearing." (*Id.*)

Plaintiff had another committee meeting on September 20, 2018 and alleges Defendant Covello "reassured him that the 128B NIK chrono he signed could not be used against him." (*Id.*) Plaintiff contends that Defendant Covello "further claimed that he

4

would follow Plaintiff's case in order to make sure proper procedure would be followed." (*Id.*)

On October 11, 2018, Plaintiff "went before Defendant Cortes for his RVR hearing." (*Id.*) Although Plaintiff "presented his case establishing his innocence, Defendant Cortes found him guilty on the ground that he accepted 'ownership' of the controlled substance when he signed the 128B NIK chrono." (*Id.*) However, Plaintiff informed Defendant Cortes that Defendant Covello "and other committee members had guaranteed that the 128B NIK Chrono could not be used to find him guilty." (*Id.*) Defendant Cortes told Plaintiff that "if the Warden was conducting the hearing, he would probably find Plaintiff not guilty" but since Defendant Cortes was the hearing officer who was conducting the hearing, Defendant Cortes was "finding Plaintiff guilty." (*Id.* at 7–8.)

Plaintiff claims Defendant Cortes was "not an impartial fact finder," "denied his requests to have Defendant Rocha available/present so he could question him," refused to "accept/incorporate into the record a written document Plaintiff prepared," and his decision to "find Plaintiff guilty was arbitrary." (*Id.* at 8.)

After the guilty finding, Plaintiff "sent Defendant Covello and Juarez" grievance forms "explaining what happened at the RVR hearing and requesting for them to step in and correct the arbitrary guilty finding." (*Id.*) However, Plaintiff alleges neither responded. (*See id.*) Plaintiff claims Defendant Juarez "was not an impartial fact-finder because he affirmed Defendant Cortes' arbitrary guilty finding on October 28, 2018." (*Id.*)

Plaintiff's father wrote to the "Office of Internal Affairs" and the "Office of the Ombudsman." (*Id.*) At Plaintiff's December 6, 2018 committee hearing, "two representatives [from the Office of the Ombudsman] showed up." (*Id.*) Plaintiff again informed the committee that he had only been found guilty "due to the 128B NIK chrono he signed which he was told by Defendant Covello and other committee members that it could not be used as evidence to find him guilty." (*Id.*) Defendant Juarez was one of the committee members and "acknowledged that he made an error by affirming Defendant

Cortes' decision to find Plaintiff guilty, so he released [Plaintiff] from ASU and ordered the RVR re-issued and reheard on the ground that a due process violation occurred." (*Id.* at 9.)

Plaintiff alleges he suffered a "dramatic change" to his "living conditions" while he was housed in the ASU. (*Id.*) He was not permitted to have his "personal property and appliances," given only a "pair of boxers, a pair of socks," and a "jumpsuit (if there are any available), two sheets, one blanket, and one towel." (*Id.*) Plaintiff was placed in handcuffs every time he left his cell and "ASU inmates are only allowed behind the glass visits." (*Id.*) Plaintiff was not permitted to "use the phone or purchase packages." (*Id.*) In addition, Plaintiff was only allowed "10 hours of outside recreation per week." (*Id.*)

On January 10, 2019, Plaintiff "had his hearing for the re-issued RVR and he was found not guilty." (*Id.* at 11.) According to the "disciplinary hearing results," Plaintiff was found not guilty "because Defendant Rocha provided inconsistent reports and statements." (*Id.*) In addition, Plaintiff's cellmate "submitted a declaration and reported to an investigative employee that the controlled substance belonged to him." (*Id.*)

Plaintiff seeks injunctive relief, along with compensatory and punitive damages. (*Id.* at 15.)

**C.  Due Process Under the Fourteenth Amendment**

To the extent Plaintiff alleges Defendants violated his due process rights by issuing a false RVR that resulted in being housed in the ASU and subjected to disciplinary hearings, he fails to state a claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

The Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a

deprivation of the interest by the government; [and] (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564–571 (1974)). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken." *Id.* These procedural protections, however, "adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Although the level of the hardship must be determined on a case-by-case basis, and "[i]n *Sandin*'s wake the Courts of Appeals have not reached consistent conclusions for identifying the baseline from which to measure what is atypical and significant in any particular prison system," *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005), courts in the Ninth Circuit look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87); *see also Chappell v. Mandeville*, 706 F.3d 1052, 1064–65 (9th Cir. 2013). Only if the prisoner alleges facts sufficient to show a protected liberty interest must courts next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez*, 334 F.3d at 860.

The Court does find that Plaintiff has alleged facts sufficient to show that the deprivations he suffered as a result of his first disciplinary conviction imposed the type of "atypical and significant hardship" required by *Sandin* to invoke a liberty interest entitled

7

to *Wolff*'s procedural safeguards. (*See* FAC at 9.)

However, insofar as Plaintiff claims Rocha filed a "false incident and [RVR]" that led to Plaintiff being sent to the ASU (*see* FAC at 5), his allegations fail to state a plausible due process claim. *See Iqbal*, 556 U.S. at 678. First, "[t]he issuance of a false RVR, alone, does not state a claim under section 1983." *Murschel v. Paramo*, 2018 WL 539159, at *5 (S.D. Cal. 2018) (citing *Dawson v. Beard*, 2016 WL 1137029, at *5–6 (E.D. Cal. 2016)). Instead, claims of arbitrary action by prison officials must grounded in "'the procedural due process requirements as set forth in *Wolff v. McDonnell*.'" *Id.* at *5 (citing *Ellis v. Foulk*, 2014 WL 4676530, at *2 (E.D. Cal. 2014) (quoting *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984))). "[T]here is no due process right to be free from false disciplinary charges," *Solomon v. Meyer*, 2014 WL 294576, at *2 (N.D. Cal. 2014), because "[t]he Constitution demands due process, not error-free decision-making." *Chavira v. Rankin*, 2012 WL 5914913, at *1 (N.D. Cal. 2012); *see also Johnson v. Felker*, 2013 WL 6243280, at *6 (E.D. Cal. 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) and *Freeman v. Rideout*, 808 F.2d 949, 951–53 (2d Cir. 1986)).

To the extent Plaintiff claims he was denied procedural safeguards at his two disciplinary proceedings, his allegations are also insufficient. Disciplinary hearings must comport with the minimum requirements of due process and the decisions of a prison disciplinary must be supported by "some evidence." *See Wolff*, 418 U.S. at 558-60; *Superintendent v. Hill*, 472 U.S. 445, 454–55 (1985). Under *Wolff's* procedural safeguards, due process requires that the prisoner receive: (1) written notice of the charges against the prisoner; (2) a brief period of time to prepare for the hearing; (3) a written statement by the fact finder regarding the facts relied upon and the reasons for the disciplinary action; (4) an opportunity to call witnesses and present documentary

8

19cv2108

evidence; and (5) an opportunity to seek the aid of a fellow inmate or prison staff for complex matters. 418 U.S. at 563–70.

Here, Plaintiff alleges that he was denied the right to call witnesses at his first hearing and Defendant Cortes refused to "accept/incorporate into the record a written document Plaintiff prepared." (FAC at 8.) Plaintiff does not allege that any *Wolff* standards were not met at his second disciplinary hearing and therefore, the Court finds that Plaintiff has failed to state a Fourteenth Amendment due process claim as to his second disciplinary hearing.

However, even if not all of *Wolff's* procedural safeguards were met at Plaintiff's first disciplinary hearing, he has alleged the presence of "some evidence" that was relied on by Defendant Cortes in finding Plaintiff guilty at his first disciplinary hearing. *Superintendent*, 472 U.S. at 454–55. Specifically, Plaintiff alleges Defendant Cortes relied on the chrono Plaintiff had signed, along with the purportedly "false" report prepared by Defendant Rocha. (*See* FAC at 5, 8.) "Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Superintendent*, 472 U.S. at 454–55. Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached" by the disciplinary hearing officer. *Id.* Plaintiff's own allegations support a finding that there was "some evidence" in the record to support the finding and thus, the Court finds that Plaintiff has failed to state a Fourteenth Amendment due process claim against any named Defendant.

### D. Respondeat Superior

Finally, Plaintiff names Ralph Diaz, Secretary for the CDCR, as a Defendant. (*See* FAC at 1, 4.) Plaintiff offers no specific factual allegations regarding this Defendant other than alleging that Diaz is "legally responsible for the overall operation" of the CDCR and "each institution under its jurisdiction." (*Id.* at 4.) However, Plaintiff fails to state a plausible claim for relief under § 1983 because he fails to include "further factual enhancement" which describes how or when this Defendant was actually aware of any of

9

the alleged due process violations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437–38 (9th Cir. 1993). "Because vicarious liability is inapplicable to . . . § 1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even *pro se* plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

As currently pleaded, Plaintiff's FAC offers no factual detail from which the Court might reasonably infer a plausible claim for relief based on a violation of any constitutional right on the part of the Secretary of the CDCR. Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 662 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 570). And a supervisory official may only be held liable under § 1983 if Plaintiff alleges his "personal involvement in the constitutional deprivation, or . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242-–43 (9th Cir. 2018); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

Plaintiff makes no such allegations in his FAC. Therefore, the Court *sua sponte* dismisses Defendant Diaz based on Plaintiff's failure to state a plausible individual liability claim against him. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1); *Lopez*, 203 F.3d at 1126–27; *Rhodes*, 621 F.3d at 1004.

### E. Leave to Amend

In light of his *pro se* status, the Court will grant Plaintiff leave to file an Amended Complaint in order to address the pleading deficiencies identified in this Order, if he can.

*See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## III. CONCLUSION AND ORDERS

For the reasons explained, the Court:

1. **DISMISSES** Defendants Cruz, Seaman, and Plascencia as Defendants. *See Lacey*, 693 F.3d at 928.

2. **DISMISSES** Plaintiff's FAC for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc*, 896 F.2d at 1546; *Lacey*, 693 F.3d at 928.

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

3. The Clerk of Court is directed to mail Plaintiff a court approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED.**

**DATED: April 8, 2020**

Hon. Cynthia Bashant
United States District Judge