UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON CONTRERAS, CDCR #V-99014,<br><br>Plaintiff,<br><br>v.<br><br>RALPH DIAZ; PATRICK COVELLO; K. COTTRELL; C. ROCHA; V. CORTES; H. CRUZ; M. SEAMAN; PLASCENCIA; J. JUAREZ,<br><br>Defendants. | Case No.: 3:19-cv-02108-BAS-WVG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 13]** |

## I. PROCEDURAL HISTORY

On November 1, 2019, Plaintiff Ramon Contreras, currently incarcerated at Ironwood State Prison ("ISP") located in Blythe, California, and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Compl.") against officials at the California Department of Corrections and Rehabilitation ("CDCR"), along with prison officials at the Richard J. Donovan ("RJD") in San Diego, California. (ECF No. 1.) Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

On January 13, 2020, the Court granted Plaintiff's Motion to Proceed IFP and simultaneously dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C.

§ 1915(e)(2) and § 1915A(b). (*See* ECF No. 3.) Plaintiff was granted leave to file an amended pleading correcting the deficiencies of pleading identified in the Court's Order. (*Id*. at 12–13.) Plaintiff was cautioned that Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. (*Id.*) *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

On January 27, 2020, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 4.) The Court again conducted the required *sua sponte* screening and found that he again failed to state a claim upon which relief could be granted. (ECF No. 6 at 11.) Additionally, in his FAC, Plaintiff no longer named Cruz, Seaman, and Plascencia as Defendants. Accordingly, the claims against these Defendants were deemed waived and those Defendants were dismissed from this action. (*Id.* at 2 (citing *Lacey*, 693 F.3d at 928).)

Plaintiff was granted leave to file an amended pleading and on April 29, 2020, Plaintiff filed his Second Amended Complaint ("SAC"). (ECF No. 7.) Plaintiff also filed a Motion to Appoint Counsel. (ECF No. 9.) The Court denied Plaintiff's Motion to Appoint Counsel, dismissed his SAC for failing to state a claim, and, finding amendment would be futile, denied him leave to amend. (ECF No. 10.) On June 23, 2020, Plaintiff filed a Motion for Reconsideration ("Motion"). (ECF No. 13.)

## II.   MOTION FOR RECONSIDERATION

### A.   Standard of Review

Under the Federal Rules of Civil Procedure, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied;

or (6) for any other reason justifying relief. Fed. R. Civ. P. 60(b). A motion for reconsideration cannot be granted merely because a plaintiff is unhappy with the judgment, frustrated by the court's application of the facts to binding precedent, or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller Federal Practice & Procedure § 2810.1 (3d ed. 2012) ("[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.").

### B.     Plaintiff's Motion

In Plaintiff's SAC, he alleged that his Fourteenth Amendment due process rights were violated during a disciplinary hearing conducted in October 11, 2018. (SAC at 7.) The disciplinary charges were later re-heard, and Plaintiff was "exonerated" following a second disciplinary hearing. (*Id.* at 11.)

The Court found that Plaintiff's claims of due process violations occurring during his first disciplinary hearing were "moot in light of the grant of a new hearing which resulted in a not guilty hearing." (ECF No. 10 at 8 (citing *Brown v. Marshall*, No. CIV S-07-0956 MCE DAD P, 2012 WL 12906131, *9 (E.D. Cal. Mar. 1, 2012) ("[P]laintiff's procedural due process claims related to either his first or second disciplinary proceedings have been rendered moot by the subsequent re-issuing and re-hearing of the rules violation charge against him."); *Shotwell v. Brandt*, No. C 10–5232 CW (PR), 2012 WL 6569402, at *3 (N.D. Cal. Dec. 17, 2012) (finding that "the remedy for an unfair hearing is another hearing" and "due process was satisfied when the results of the first disciplinary hearing were vacated, [and] the RVR was ordered reissued and reheard").)

In addition, the Court also found that Plaintiff did not allege that he suffered any loss of credits or that his sentence was extended as a result of the first disciplinary hearing. (*See id.* (citing *Randolph v. Sandoval*, No. 1:18-cv-00968-LJO-BAM (PC), 2019 WL 2410469, *7 (E.D. Cal. June 7, 2019) (finding no due process violation where "disciplinary proceedings were rendered moot by the subsequent not guilty finding" and the plaintiff did not lose credits, serve "additional time in segregation," or maintain a "disciplinary record for the alleged offenses after the RVRs were overturned").)

Plaintiff argues in his Motion that the Court's citing to *Randolph* supports a finding that his due process rights were violated. (*See* ECF No. 13 at 1–2.) Specifically, Plaintiff argues that, unlike the inmate in *Randolph*, he did "remain in administrative segregation for an additional two months" after he was found guilty in his first disciplinary hearing. (*Id.* at 2.)

However, Plaintiff misstates the factual and legal findings in *Randolph*. Specifically, the plaintiff in *Randolph*, like Plaintiff in this matter, did not serve any additional time in administrative segregation *after* the second disciplinary hearing which overturned the findings of the first disciplinary hearing. After Plaintiff's second disciplinary hearing, by his own admission, he was "released from administrative segregation on December 6, 2018, when the guilty finding was dismissed." (ECF No. 13 at 2.) Thus, even though Plaintiff served time in administrative segregation while he was awaiting the second disciplinary hearing, this does not rise to the level of a due process violation. *See Randolph*, 2019 WL 2410469, at *7 (finding any due process violations in disciplinary hearings rendered moot by the subsequent not guilty finding and overturning of the RVR where there was no indication that the plaintiff suffered a loss of credits, served additional time in segregation, or maintained a disciplinary record); *see also Resnick v. Hayes*, 213 F.3d 443, 448–49 (9th Cir. 2000) (holding that plaintiff had no protected liberty interest in being free from confinement in administrative segregation pending his disciplinary hearing). The Court therefore finds no basis for granting reconsideration.

### III. CONCLUSION AND ORDER

For the reasons explained, the Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 13).

**IT IS SO ORDERED.**

**Dated: July 7, 2020**

Hon. Cynthia Bashant
United States District Judge